United States District Court
Western District Of Kentucky
Divison Of (Paducah)

- - - - - - - - - - - - - - - - - - - - - - - X

Thomas Edward Burke, Jr       Plaintiff's
Jeremy Todd West

Vs.

                Defendant[s]

LaDonna Thompson, Lt. Morris
Randy White, Kevin Winfrey
Joel Dunlap, Kentucky State Penitentary
Skyla Greif, Aramark food service
James Beavers, Department Of Corrections
Timothy White, James L. Erwin
Josh Patton
Timothy Lane
Justin Hughes
Micah Melton
Amy Fisher
Adam Noel
Dan Smith

- - - - - - - - - - - - - - - - - - - - - - - X

FILED
VANESSA L. ARMSTRONG, CLERK
JUN 29 2015
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Complaint

Civil Action No:
5:15-CV-156-TBR

I. Juridiction & Venue

1.    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

(1)

The court has Jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3). Plaintiff fully seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules Of Civil Procedure.

2. The United States District Court, Paducah Division, 501 Broadway, Suite 127, Paducah, Kentucky 42001-6801. In an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the event's given rise to this claim occured.

## II. Plaintiffs

3. Plaintiff, Jeremy Todd West, is and was at all times mentioned herein a prisoner of the State of Kentucky in the custody of the Department of Corrections. He is currently Confined in the Kentucky State Penitentiary, in Lyon County of Kentucky.

4. Plaintiff, Thomas Edward Burke, JR., is and was at all times mentioned herein a prisoner of the state of Kentucky in the custody of the Department of Corrections. He is currently confined in the Kentucky State Penitentiary, in Lyon County of Kentucky.

## III. Defendant's

5. Defendant, LaDonna Thompson is the Director/Commissioner of the state of Kentucky Department of Corrections. She is legally responsible for the overall operation's of the Department and each institution under it's jurisdiction, including: Kentucky State Penitentiary.

6. Defendant, Randy White is the Superintendent/Warden of Kentucky State Penitentary. He is legally responsible for the operation's of Kentucky State Penitentiary and for the welfare of all the inmates in that prison.

7. Defendant, Joel Dunlap is the Deputy Warden of Security of Kentucky State Penitentary. He is legally responsible for the Security Operation's of Kentucky State Penitentiary and for the welfare of all the inmates in that prison.

8. Defendant, Skyla Greif is the Warden of Programs of Kentucky State Penitentary. She is legally responsible for the Operation's of Programs of Kentucky State Penitentiary and for the welfare of all the inmates in that prison.

9. Defendant, James Beaver's is the Internal Affairs Officer of Kentucky State Penitentary. He is legally responsible for the Operations of Security and investigations of Kentucky State Penitentiary and for the welfare of all the inmates in that prison.

10. Defendant, Timothy White is the Supervisor of the Kitchen of Kentucky State Penitentiary. He is legally responsible for the Operations of the Kitchen of Kentucky State Penitentiary and for the welfare of all the inmates assigned Jobs in the Kitchen.

11. Defendant, Kevin Winfrey is the Supervisor of the Kitchen of Kentucky State Penitentiary. He is legally responsible for the Operations of the Kitchen of Kentucky State Penitentiary and for the welfare of all the inmates assigned Jobs in the Kitchen.

12. Defendant, Aramark food Service is the employer of the defendant's in sections (10 and 11) above. They are legally responsible for the Operations given to the Kentucky State Penitentiary, and they are responsible for the welfare and actions of there employee's as listed in sections (10 and 11) above.

13. Defendant, Josh Patton is the unit Administrator I of Kentucky State Penitentiary. He is legally responsible for the Supervisor over case mangement and Job placement at the prison.

14. Defendant, Timothy Lane is the unit Administrator II of Kentucky State Penitentiary. He is legally responsible for the Supervisor over case mangement and housing placement for the inmate population at the prison.

15. Defendant, Justin Hughes is the Classification and treatment Officer and Cert Team at the Kentucky State Penitentiary. He is legally responsible for the mangement of cases of inmates in a designated cell house, To submit job request and do classification/custody levels of the inmates he oversees at the prison.

16. Defendant, Micah Melton is the CTO / cert team member at the Kentucky State Penitentiary. He is legally resonsible for the mangement of case loads of 5 cell house population, submit job request, and do custody levels and classification of inmates he oversees at the prison.

17. Defendant, Amy Fisher is the CTO at Kentucky State Penitentiary. She is legally resonsible for case load for inmates in a designated cell house, submits job request and does custody levels and classification of inmates at the prison.

18. Defendant, Adam Noel is CTO/Grievance Committee at Kentucky State Penitentiary. He is legally responsible for case load for inmates, submits job request and does custody level and classification of inmates. He also sit's on the grievance committee to help with issues within the prison.

19. Defendant, Dan Smith is Grievance Coordinator of Kentucky State Penitentiary. He is legally responsible for grievances by processing those that need resolutions to various situations at the prison.

20. Each Defendant is sued individually and in their official capacity. At all the times mentioned in this complaint each defendant acted under the color of state law.

## IV. Facts

21. Comes now the Plaintiff's, Jeremy West and Thomas Burke, and states the following facts herein:

On January 20, 2015., Jeremy West and Thomas Burke was called to the yard office at the request of Lt. Hines, Jeremy west was located in the Kitchen by C.O. Howard in the dishroom doing his job. Jeremy West then informed the Aramark supervisor that he was called to the yard office, at 11:10 AM Jeremy West was let into the yard office where C.O. Melissa Edmonds was told to handcuff Jeremy West. Then Jeremy West was then told to sit down and wait. Then Jeremy West asked Lt. Hines why he was being handcuffed, and Lt. Hines response was the he was being placed into segregation. Thomas Burke then comes into the yard office at 11:25 AM and was also handcuffed immediately. Both West and Burke informed staff that there personal property was still in the Kitchen.

Lt. Hines then tells C.O. Edmonds to take Jermey West to 3 cellhouse and another C.O. to take Thomas Burke to the 3 cellhouse and shortly thereafter was told to take Thomas Burke to 7 cellhouse that is supermax. C.O. Kindred was assigned to kitchen detail logged into the log book that Jeremy West and Thomas Burke were placed in segregation at 11:30 Am. At 12:30 Pm, January 27, 2015., Lt. James Beavers met with Jermey West to investigate the situation. It was at this meeting that Jeremy West found out why he was placed in segregation. Lt. Beavers informed him that he was accused of planning an action against Kevin Winfrey of Aramark, is why he was locked up. Lt. Beavers stated if there were any factual support of the allegations that Jeremy West would stay in 3 cellhouse permenantly. West then states he has no reason to take action against Kevin Winfrey. He also then stated he and Kevin may not agree on some things but it was not severe enough to bring harm to the man. Jeremy West made made clear that Lt. Beavers that he could go through his prison files and see that Jeremy West had no history of staff issues. Lt. Beavers ended the meeting by stating that if Thomas Burke's statements were of similar mind that we would both be released soon. Lt. Beavers inquired about Thomas Burke's kitchen duties and compatability with staff, which he has no negative history with either.

⑦

On January 25, 2015,, Both Jeremy West and Thomas Burke were released from segregation. Jeremy West was place in cellhouse 5-2C-03 and Thomas Burke was place in cellhouse 5-2D-07 that afternoon. On January 26, 2015,, Jeremy West files a theft report and a grievance on his missing property. Both Jeremy West and Thomas Burke were told to get rid of there unassigned vest, that C.O. Durbin told them to get the day before, by the Sgt., on January 26, 2015. On January 26, 2015,, West and Burke file a grievance because they were being denied their jobs after being cleared of any wrong doing's. The grievance 15-01-136-G was rejected by Dan Smith Grievance Coordinator claiming it was a non-grievable issue on the grounds that it was a classification committee issue. We filed on the grounds of Tim Whites actions after we were fully acquitted of the investigation. We then made an Affidavit at the suggestion of Deputy Warden Joel Dunlap to get people to sign in support of our innocence. We got at least 20 signatures for the affidavit to prove our innocence of the matter. We lost our seniority and pay, along with Burke's program completion, because Tim White would not listen to reason! On January 30, 2015 we received notice for a classification meeting on February 2, 2015 at 11:00 Am. At the classification hearing, Josh Patton tells us that he is giving us seven (7) days to find a job and that we are not being listed as "unassigned". He tells us that we will not get our jobs back in the kitchen based on "Security issues". Even when we were cleared of such issues!...

Joel Dunlap tried to get out of dealing with this issue, But, Josh Patton made it a "Security issue" at the hearing, which makes it fall under both Skyla Grief and Joel Dunlap. We appealed the dismissal's to Skyla Grief immediately after the classification hearing. We submitted the Affidavits with the classification Appeal to Skyla Grief as evidence that the "Security issues" is a falsified claim. We tried to reason why we are not a security risk due to the facts that Lt. Beavers cleared our situation of any wrong doings. On March 3, 2015, We received a response to our appeals, which were unsatisfactory. Skyla Grief "concured" with the committee because we were reassigned forceably to jobs that we never requested! On February 6, 2015, Jeremy West was given a "Yard Runners" position, that pays .80¢ a day. And Thomas Burke was put into "Yard Detail" at .80¢ a day, on the same day. Josh Patton put both West and Burke in those positions. His reasoning for doing so, was to keep us off unassigned. We tried to talk to Joel Dunlap because "Security" is in his area. But all that occured was we ran between him, Skyla Grief and the classification Committee. We started putting in for higher paying jobs, but we were not accepted to any of them. Only then did we find out we were put into 90 day lock from Tim Lane and debated the issue to Josh Patton about being denied higher paying jobs. Upon receiving the responses, We wrote to Both Skyla Grief and Lt. James Beavers.

(9)

We wrote to Lt. Beavers on the lack of action being done, requested a copy of his facts and findings of his investigation, and requested a meeting with staff to settle this issue. No response was ever received from Lt. Beavers. That's when we also found out that Tim White never submitted written dismissals for either Jeremy West or Thomas Burke, whitch Tim Whites action are made part of Aramark due to his employment with them. In Skyla Grief's response, we made it very clear we were not agreeing with her desision to concur. We debated the 90 day lock on the forced jobs as a punishment... the actions of the CTO's & UA's over the refusals of our job requests, and her statements made that she had not "desided" anything without Tim whites dissmissals, we point out Tim White is overstepping his bounds as a contractor by influencing The Department Of Corrections staff and ignoring facts provided.... Skyla Grief never responded to the letter written on March 4, 2015. On March 23, 2015,, We wrote a mass request to Joel Dunlap, Skyla Grief, Lt. Beavers, and Capt. Fred Rodgers for a meeting with Tim white and Kevin Winfrey, Jeremy West and Thomas Burke. No response was made by any of the staff. I also inquired of a rejected grievance 15-03-060-G concerning a difficulty with staff issue that also has been ignored by Department Of Corrections staff. Jeremy West's personal property was stolen. Lt. Morris violated Jeremy West's Grievance process by (a) Lying to staff, (b) interfering with an employee duties, (c) interfering with an investigation and Tampering with evidence.

Due to Morris's actions, Kentucky State Penitentiary denied Jeremy West the reimbursement he is entitled to. We try talking to Josh Patton again after that about going into higher paying jobs, but all he says is to keep submitting job request. He never confirms the "security" issues with Inturnnal Affairs but still acts on Tim white's recommendation. Josh Patton still concurs with the kitchen lock out with Skyla Grief. None of the CTO's will step up on this issue because of Josh Patton and Skyla Grief. On April 24, 2015, we again talked to Skyla Grief, she stated we could put in for the kitchen again since we waited out her time frame. The 90 day locky ended on May 6, 2015., but we had been out of segregation 90 days on this date. We began submitting applications to the kitchen on this date, but still not hired back. We also started keeping track of our application submissions by logging dates submitted. On May 1, 2015, Jeremy West and Thomas Burke Talked to Kevin Winfrey, Kevin informs Thomas Burke that he can talk to Tim White about coming back, but stated that Jeremy West's return was questionable, He used past issues of disagreement over Jeremy West's illness in January, as to why it is questionable. Jeremy West clarified his sick days as January 13-15, When Kevin assumed it to be January 13-14, He retaliated by putting West in the dishroom since he could not dismiss Jeremy West on January 16, 2015 when Jeremy West returned to work. Kevin also told Jeremy west and Thomas Burke that Tim white contacted him at home when we were locked up and as to why we were locked up. He denied knowing why on previous encounter.

(11)

On May 4, 2015., Jeremy West and Thomas Burke approached Tim White about our jobs. Tim White stated he was withholding our jobs due to "lack of clarification" from Lt. Beaver's of Internal Affairs. He is using an incident of past harm done to staff as his basis, claiming no trust with inmates because James Pennington acted the way he did by harming an Aramark employee. Tim White then points to Thomas Burke and clearly states "I can't get rid of this little Fucker" to Jeremy West after he suggests getting Internal Affairs to provide him a response clearing our names! On May 5, 2015, We then submitted written request's to Lt. James Beavers following what Tim white had asked for. On May 5, 2015, Jeremy West comes across Lt. James Beaveres on the prison yard. Jeremy West then inquires why had Lt. James Beaver's not responded to any request, Lt. James Beavers stated that he can not do so without Warden, Randy White's approval. He states that Warden, Randy White is his superior and all letters go through that office. Any response has to be approved by Warden, Randy white. Jeremy West informs Lt. James Beavers of Tim Whites actions and what he wanted from Internal Affairs,, but Lt. James Beavers stated that he could only give an verbal answer to Tim White stating that Jeremy West and Thomas Burke have no restrictions. He stated that if any evidence supported a factual basis for our lock up existed that we would not have been released from segregation! We were cleared, is why we were released from segregation on January 25, 2015.

On May 12, 2015,, Jeremy West and Thomas Burke, submitted applications to the kitchen again, We were summoned back after the lunch meal at 11:30 AM by Tim White, Tim White straight out tell's Jeremy West and Thomas Burke that he refuses to hire either of us after he lied on his previous statements made on May 4, 2015,, Tim white then tells Jeremy West that he wont hire him back over past disagreement, that Jeremy West was never fired for or lockedup over, It was over anther kitchen inmate worker clocking Jeremy West into work. Tim white has never clarifies why Thomas Burke's position in the kitchen is being denied and still refuses any reason for doing so. Kevin Winfrey just sits there and offers no response or input to the situation. Tim white makes very clear it is Jeremy West as the reason of the job's being denied and Thomas Burke is associated because of the investigation, Tim White White further states that he will hire us "when he chooses to do so". Tim white also stated that Lt. James Beavers did clarify to him that Jeremy west and Thomas Burke were cleared of the ordeal, But Tim white reniges on his previous statement made on May 4, 2015. Then Tim white questions why we have Aramark staff's inital's and date on our applications for the kitchen? Jeremy West stated because of our records were we filed for jobs in the kitchen. Tim White states we can "apply" all we want, but I won't hire you or Burke till I see fit to do so! We then go to the classification Committee right after the incident with Tim White.

⑬

We spoke to Adam Noel in the presence of Micah Melton, We asked if anything can be done about our jobs when we were cleared of any wrong doings during the investigation and Tim Whites actions and Adam Noel then refers us to talk to Josh Patton and Skyla Grief, We tell him that we have exhausted all the way up to Skyla Grief and Joel Dunlap. This conversation took place around 12:15 pm that day. Jeremy West and Thomas Burke Then write to Warden, Randy White on May 26, 2015, concerning the ongoing issues of Tim White's actions and the lack of action of his staff. NO response was ever received of this letter as of June 5, 2015 and as todate. On June 2, 2015, Thomas Burke approaches Warden Joel Dunlap after a classification meeting. Thomas Burke asks Joel Dunlap in the presence of Jeremy West, on why is Tim White allowed to influence Correctional staff on our situation. Joel Dunlap then try's to assume our situation is an "Conflict with staff" to when this is not the issue at all! But all we were asking was proper clarification of Tim White's actions. Joel Dunlap then go's to talk to Tim White, soon after, Joel Dunlaps returns from Tim whites office with No answers, But only States! "I'm done talking"! Then Joel Dunlap inquires of where both Jeremy west and Thomas Burke are from. We assume that Joel Dunlap is attempting to have us transfered after asking about Tim Whites actions, Joel Dunlap then takes our (Names and Numbers) down. This is when we go write and submit a letter to LaDonna Thompson about our issues and to prevent us being transfered. We still todate have not received any response as todate.

22. Please be notifies that the court can refer to document's, affidavit's, and other materials that are attached hereto at the back of this complaint as "exhibits" in support of the complaint herein.

## V. Exhaustion Of Legal Remedies

23. Plaintiff's, Jeremy West and Thomas Burke, used the prisoner grievance procedure at, Kentucky State Penitentiary, to try and solve the problem. On January 26, 2015, Plaintiff's, Jeremy West and Thomas Burke, presented the facts relating to this complaint. On January 27, 2015, Plaintiffs Jeremy West and Thomas Burke was sent a response saying that the grievance had been denied. On March 3, 2015 he/they appealed the denial of the grievance.

## VI. Legal Claims

24. Plaintiff's reallege and incorporate by reference paragraphs 1-23.

25. The "retaliation" and "deliberate indifference" violated Plaintiff's Jeremy West and Thomas Burke right's and constituted "cruel and unusual punishment" and "Due process violation" under the "Eighth and Fourteenth" of the Constitutional Amendment at issue and the "Eighth and Fourteenth" Amendment's to the United States Constitution.

26. Plaintiff's has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff's has been and will continue to be irreparably injured by the conduct of the defendants unless this court grant's the declaratory and injunctive relief which plaintiff's seeks.

27. Plaintiff's seek relief "declaratory" pursuant to 28 U.S.C. section 2201 and 2202.

28. Plaintiff's seek injunctive relief, Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

29. The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C section 1367 and Plaintiff's Federal Tort Claims Act claims are authorized by 28 U.S.C section 1346.

## VII. Prayer For Relief

Wherefore, Plaintiff's respectfully prays that this court enter judgment granting plaintiff's the following:

30. A declaration that the acts and omissions described herein Violated Plaintiff's rights under the Constitution and laws of the United States.

31. A preliminary and permanent injunction ordering defendant's "Tim White and Joel Dunlap" to stop your "deliberate indifference and retaliation" of our Jobs and any Transfers to any other prisons, for retaliation in filing of this complaint before this court. Or any other harrassment from all defendants named herein the complaint!!

32. Plaintiff's requests the Appointment Of Counsel under 28 U.S.C. § 1915(e)(1), that allows a U.S. District Judge to "request an attorney to represent any person's unable to afford Counsel."

33. Compensatory damages in the amount of $1,500 against each defendant, Jointly and Severally.

34. Punitive damages in the amount of $5,000 against each defendant, Jointly and Severally.

35. Plaintiff's costs in this suit and attorney fee's paid by the defendants.

36. A jury trial on all issues triable by jury.

37. Any additional relief this court deems just, proper, and equitable.

Dated: June, 21, 2015

Respectfully Submitted,

Jeremy Todd West #222075
Thomas Edward Burke, Jr., #183573
Kentucky State Penitentiary
266 Water Street, Eddyville
Kentucky., 42038

## Verification

I have read the forgoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the forgoing is true and correct.

Executed at, Eddyville., Kentucky on this 21 day of June 2015.

Jeremy Todd West
Thomas Edward Burke, JR.